### Antoine Laforest v. His Creditors.

*The whole of the property surrendered by the plaintiff having been sold and distributed among his creditors, he, as syndic, took a rule on the creditors to show cause why certain judicial mortgages should not be erased, on the ground that they fell by the surrender and final settlement of the insolvent's estate: Held, that the rule was properly discharged, the syndic being functus officio and therefore incapable of standing in judgment.*

APPEAL from the Fifth District Court of New Orleans, *Augustin*, J. *M. & H. H. Taylor*, for appellant. *Denis*, for *Aicard*. *Pitot*, for Recorder of Mortgages. *Augustin*, curator ad hoc, for *Mrs. Snowden*.

VOORHIES, J.  The whole of the property surrendered by the plaintiff in this case was sold and the proceeds distributed among his creditors according to the tableau, which also embraced all the other assets of his estate.

The conventional mortgages existing on the property were erased by the syndic, who was the insolvent himself.

The estate was then entirely settled and the functions of the syndic consequently at an end.

The syndic, however, took a rule upon the creditors placed on the schedule to show cause why the judicial mortgages then existing should not be erased, on the ground that they necessarily fell by the surrender and the final settlement of the insolvent estate.

The rule was discharged and the syndic appealed.

We do not think the Judge *a quo* erred in discharging the rule.  The syndic was *functus officio*, and therefore incapable of standing in judgment.  Besides, the object of the rule was not to effect the erasure of mortgages existing on property derived from the estate, but upon property which might thereafter be acquired by the insolvent.

It is contended by the appellant, and it may be true, that those mortgages have no existence whatever with respect to new property, which, by law, is placed entirely beyond the reach of the old creditors, except by a new surrender invoked by them.  But we do not think we can express any opinion on this question, as it does not properly arise in this case.

It is, therefore, ordered that the judgment of the court below be affirmed, with costs.

Re-hearing refused.